IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | Case No. 21-10495-DLS |
|---|---|
| BEAR COMMUNICATIONS, LLC, | Chapter 11 |
| *Debtor.* | *Electronically Filed* |

**MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

COMES NOW, the Debtor, by and through its attorney of record, W. Thomas Gilman of Hinkle Law Firm LLC, and moves the Court for an order authorizing the use of cash collateral and granting adequate protection to those entities, as identified below that have or claim to have valid and perfected security interests in the Debtor's cash collateral.

In support thereof, the Debtor asserts:

1. On May 28, 2021 ("Petition Date"), the Debtor filed this Chapter 11 case by filing a voluntary petition under Title 11, U.S.C. § 101-1330 ("Bankruptcy Code").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Notice shall be given by the Debtor of this Motion for relief under Bankruptcy Rule 4001(b).

4. From a review of records known to and available to the Debtor, the Debtor believes that the following entities could have perfected security interests in the Debtor's cash collateral:

    a. Central Bank of the Midwest (the "Bank");

    b. U.S. Small Business Administration (the "SBA").

In addition, the Debtor believes the following entities may claim an interest in cash collateral, but the Debtor can find no evidence that such claims were perfected:

    c. Advance Business Capital LLC ("ABC");

    d. Eagle Capital Corporation ("Eagle"); and

    e. The Guarantee ("Guarantee").

5. As of the Petition Date, the Bank was owed approximately $5,668,886.00 by the Debtor. The Bank claims a lien in all assets owned by the Debtor. Further, as of the Petition Date, the SBA claims it is owed a secured debt

of approximately $150,000.00. The SBA has a UCC filed on all assets owned by the Debtor. The Bank's security interest appears to be higher priority than the SBA's. Advance, Eagle and Guarantee assert factoring claims, but, as the Debtor's counsel understands the claims, not to the Debtor's accounts receivables. There are no UCC filings in Kansas by Advance, Eagle or Guarantee. To the Debtor's best knowledge, there are no other lien claimants who assert rights in cash collateral.

6. As of the filing date, the Debtor claims the value of its assets totals $19,366,888.61. The Debtor asserts the value of its equipment is $801,186.00; the value of inventory is $408,980.00; and the value of accounts receivable is $18,421,008.00. As of May 25, 2021, the Debtor had bank balances as follows: Central Bank of the Midwest: <$347,396.10> and Bank of America: $83,110.71.

7. Counsel for the Debtor has reviewed the Bank's and SBA's UCC filing and it appears the Bank and the SBA are properly perfected in the above items of collateral. Counsel for the Debtor does not believe ABC, Eagle or Guarantee are properly perfected. Counsel for the Debtor is not confident he has

reviewed the Bank's or the SBA's complete loan documents, and, therefore, refrains from admitting at present the Bank and the SBA have a properly perfected security interest in all assets.

8. All of the cash of the Debtor in existence on the Petition Date and all cash that is acquired by the Debtor after the Petition Date as proceeds of pre-petition collateral constitutes cash collateral within the meaning of Section 363(a) of the Bankruptcy Code for the Bank's and SBA's benefit.

9. The Debtor hereby requests the use of cash collateral and other financial accommodations on the terms and conditions set forth herein. Absent entry of an Order herein, the Debtor does not have sufficient sources of working capital, including cash collateral, to continue the orderly operation of its business and administration of its estate. Accordingly, the access of the Debtor to sufficient working capital and liquidity through the cash collateral is vital to the operation and maintenance of the Debtor's estate and is necessary to maximize the recovery to which creditors of the Debtor are entitled.

10. The Debtor has prepared a budget which is attached as Exhibit A. The budget has been thoroughly reviewed by the Debtor and its management and sets forth, among other things, the projected disbursements for the periods covered thereby. The Debtor represents the budget is a good faith determination that can be achieved in accordance with the terms herein and will allow the Debtor to operate at all times during this case without the accrual of unpaid administrative expenses.

11. The Debtor submits that the use of cash collateral and the grant of adequate protection liens hereunder is fair, just and reasonable under the circumstances and reflects the Debtor's exercise of its prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

12. The Debtor requests to be authorized to use cash collateral in accordance with the budget (provided the Debtor achieves Projected Income and Total Costs within 20%, plus or minus, of the projections) and the conditions set forth herein during the period commencing on the Petition Date through the date

of any hearing on any final order as set forth by the Court (the "Interim Period") in such amounts as set forth in the budget. During the Interim Period, the Debtor's expenditures shall be limited to those expenditures specifically authorized in the budget.

13.   As adequate protection for the Bank's interest in cash collateral, the Debtor proposes to pay the Bank a weekly payment in the amount of $12,692.00 beginning June 4, 2021 and on Friday of each week thereafter at the Bank's contractual, non-default rate of interest, which is presumed to be 11 % per annum. As adequate protection for the SBA's interest in cash collateral, the Debtor proposes to pay the SBA a weekly payment in the amount of $109.00 beginning June 4, 2021 and on Friday of each week thereafter at the SBA's contractual, non-default rate of interest, 3.75% per annum. In addition, the Bank and the SBA shall have and would be granted as adequate protection for any post-petition diminution in value of its pre-petition collateral (including, without limitation, cash collateral), additional and replacement security interests and liens, in the same priority as existed pre-petition, in and upon all of the

pre-petition collateral and all of the Debtor's now owned and after acquired assets and rights of any kind or nature and wherever located (the "Adequate Protection Liens"). In accordance with Sections 553(b) and 361 of the Bankruptcy Code, the value, if any, in any of the collateral, in excess of the amount of obligations secured by such collateral shall constitute adequate protection for the use by the Debtor and the diminution in the value of the collateral existing on the Petition Date. The Adequate Protection Liens shall be senior and prior to all other interests or liens whatsoever in or on the collateral.

14. The entry of a final order shall be sufficient and conclusive evidence of the priority, perfection and validity of the Adequate Protection Liens, without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the Collateral, or other act to validate or perfect such security interest or lien (a "Perfection Act"). Notwithstanding the foregoing, if the Bank or the SBA, in its sole discretion, elects for any reason to file, record or otherwise effectuate any Perfection Act, the Bank and the SBA are authorized to perform such act and the

Debtor is authorized and directed to perform such act to the extent necessary or required by the Bank or the SBA, which act or acts shall be deemed to have been accomplished as of the date and time of the entry of any interim or final order notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file or record any document in regard to such act in accordance with applicable law. The Bank or the SBA may choose to file, record or present a certified copy of any interim or final order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file or record such certified copy of any interim or final order in accordance with applicable law. Should the Bank or the SBA so choose and attempt to file, record or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment or perfection of the Adequate Protection Liens granted herein by virtue of the entry of any interim or final order.

15. The provisions of this motion and the obligations herein, and any and all rights, remedies, privileges and benefits in favor of the Bank and the SBA provided or acknowledged herein, and any actions taken pursuant hereto, shall be effective immediately upon entry of any interim or final order pursuant to Bankruptcy Rules 6004(h) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including, without limitation any order which may be entered confirming any Plan of Reorganization, converting these cases to any other chapter under the Bankruptcy Code, or dismissing these cases.

16. Any interim or final order shall be binding upon the Debtor, all parties in interest in these cases and their respective successors and assigns, including any trustee or fiduciary appointed in the case, or any subsequently converted bankruptcy case of the Debtor. The interim or final order shall also inure to the benefit of the Bank, the SBA, and the Debtor and its successors and assigns.

WHEREFORE the Debtor prays that the Court grant the Debtor the use of Cash Collateral as set forth herein, grant Adequate Protection as set forth herein, and for such other and further relief as the Court may deem just and equitable.

> HINKLE LAW FIRM LLC
> /s/ W. Thomas Gilman
> W. Thomas Gilman, #11867
> Nicholas R. Grillot, #22054
> 1617 N. Waterfront Parkway, Ste. 400
> Wichita, Kansas 67206-6639
> Phone: 316-267-2000 / Fax: 316-660-6522
> Email:   tgilman@hinklaw.com
> Email:   ngrillot@hinklaw.com
> *Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 28, 2021, a true and correct copy of the MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION was filed with the court using the CM/ECF system, which sent a notification to all parties in interest participating in the CM/ECF system, and on the same date a copy was mailed by first-class mail, postage prepaid and properly addressed to (i) the United States Trustee; (ii) the Internal Revenue Service; (iii) the Kansas Department of Revenue; (vi) those creditors holding the twenty largest unsecured claims against the Debtor's estate; and (v) those creditors who may claim a security interest in the debtor's assets, as set out on the matrix attached to this original certificate of mailing on file in the office of the Clerk of the U.S. Bankruptcy Court.

> /s/ Tammy Hohstadt
> Tammy Hohstadt, PLS, Legal Assistant
> Legal Assistant for W. Thomas Gilman

|  | 5/30/2021 | 6/27/2021 | 7/25/2021 | 8/22/2021 | 9/19/2021 | 10/17/2021 |
|---|---|---|---|---|---|---|
| **Beginning Bal** | 200,000.00 | 339,975.50 | 502,487.01 | 623,998.51 | 736,510.02 | 882,521.52 |
| **Projected Income** | 1,620,984.00 | 1,620,984.00 | 1,620,984.00 | 1,620,984.00 | 1,620,984.00 | 1,620,984.00 |
| **Controllable Costs** | | | | | | |
| Contract Labor | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 |
| Matls & Supplies | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| Equipment Rental | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Mach Repairs & Maint | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 | 7,000.00 |
| Tools & Supplies | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 |
| Travel | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Temp Lodging | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Meals & Entertain | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Auto Repairs & Maint | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 | 13,000.00 |
| Professional Serv | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| Bank Services Charges and CC Fees | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 |
| Office Supplies | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Other | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **Total Controllable Costs** | 101,700.00 | 101,700.00 | 101,700.00 | 101,700.00 | 101,700.00 | 101,700.00 |
| **Reorginization Costs** | | | | | | |
| Trustee Fee | | | 41,000.00 | | | 41,000.00 |
| **Total Reorginization Costs** | - | - | 41,000.00 | - | - | 41,000.00 |
| **Fixed Costs** | | | | | | |
| Auto Insurance | 27,500.00 | 27,500.00 | 27,500.00 | 27,500.00 | 27,500.00 | 27,500.00 |
| Auto Cost | 21,500.00 | 21,500.00 | 21,500.00 | 21,500.00 | 21,500.00 | 21,500.00 |
| Machinery Cost | 1,375.00 | 1,375.00 | 1,375.00 | 1,375.00 | 1,375.00 | 1,375.00 |
| Trailer Cost | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| Meter Cost | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 |
| Rent | 26,000.00 | 26,000.00 | 26,000.00 | 26,000.00 | 26,000.00 | 26,000.00 |
| Office Cleaning | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| **Total Fixed Costs** | 78,525.00 | 78,525.00 | 78,525.00 | 78,525.00 | 78,525.00 | 78,525.00 |
| **Variable Costs** | | | | | | |
| In House/Subcontractor Payroll | 965,700.00 | 965,700.00 | 965,700.00 | 965,700.00 | 965,700.00 | 965,700.00 |
| Salaries & Wages | 224,080.00 | 204,080.00 | 204,080.00 | 204,080.00 | 204,080.00 | 204,080.00 |
| Employee Taxes | 29,205.40 | 27,805.40 | 27,805.40 | 27,805.40 | 27,805.40 | 27,805.40 |
| Employee Benefits | 21,278.22 | 20,258.22 | 20,258.22 | 20,258.22 | 20,258.22 | 20,258.22 |
| Financial & HR Systems | 1,710.60 | 1,628.60 | 1,628.60 | 1,628.60 | 1,628.60 | 1,628.60 |
| Work Comp Insurance | 709.27 | 675.27 | 675.27 | 675.27 | 675.27 | 675.27 |
| General Liab Insurance | - | - | - | 50,000.00 | 16,500.00 | 16,500.00 |
| Fuel | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 | 25,000.00 |
| Cell Phone and GPS | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Bonds & Licenses | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 |
| Advertising | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities & Yard | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Copier Expenses | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Background & Drug Tests | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| **Total Variable Costs** | 1,300,783.50 | 1,278,247.50 | 1,278,247.50 | 1,328,247.50 | 1,294,747.50 | 1,294,747.50 |
| **Total Costs** | 1,481,008.50 | 1,458,472.50 | 1,499,472.50 | 1,508,472.50 | 1,474,972.50 | 1,515,972.50 |
| **Cash from operations** | 139,975.50 | 162,511.50 | 121,511.50 | 112,511.50 | 146,011.50 | 105,011.50 |
| Adequate Protection Payments to Central Bank of the Midwest | 50,768.00 | 50,768.00 | 50,768.00 | 50,768.00 | 50,768.00 | 50,768.00 |
| Adequate Protection Payments to SBA | 436.00 | 436.00 | 436.00 | 436.00 | 436.00 | 436.00 |
| **Total Change in Cash** | 139,975.50 | 162,511.50 | 121,511.50 | 112,511.50 | 146,011.50 | 105,011.50 |
| **Ending Balance** | 339,975.50 | 502,487.01 | 623,998.51 | 736,510.02 | 882,521.52 | 987,533.02 |



EXHIBIT A